# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-101-LRR |
| vs. | **ORDER** |
| ROBERT MIELL, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court is Defendant Robert Miell's Motion for Recusal (docket no. 17) ("Recusal Motion").

## II. PROCEDURAL HISTORY

On November 27, 2007, the grand jury returned a 19-count indictment against Defendant. Each count charges that Defendant, for the purpose of executing, and attempting to execute, a scheme to defraud, caused false checks and false insurance damage claims to be sent via the United States Postal Service, in violation of 18 U.S.C. § 1341 ("Criminal Case").

On February 22, 2008, Defendant filed the Recusal Motion. On February 29, 2008, the government filed a resistance to the Recusal Motion (docket no. 22) ("Resistance"). On March 14, 2008, the court held a hearing on the Recusal Motion ("Hearing"). Defendant appeared personally, along with his attorney, John L. Lane.[1] Assistant United States Attorney C.J. Williams represented the government. The court finds the matter fully submitted and ready for decision.

---

[1] On March 17, 2008, Attorney F. Montgomery Brown appeared on behalf of Defendant. On March 27, 2008, United States Magistrate Judge Jon Stuart Scoles granted Attorney Lane's motion to withdraw as Defendant's counsel.

## III. ANALYSIS

### A. *Relevant Facts*

The undersigned's husband is an attorney and shareholder in the law firm Bradshaw, Fowler, Proctor & Fairgrave, P.C. ("Law Firm"), which represents American Family Mutual Insurance Company ("AFMIC"). The Indictment alleges, in part, that Defendant defrauded AFMIC of approximately $336,000. The Law Firm represents AFMIC in its civil action in this District styled *American Family Mutual Insurance Company v. Robert Miell*, case no. 04-CV-142-JSS ("Civil Case"), to recover money damages for the alleged fraud

In support of the Recusal Motion, Defendant offers a settlement letter, dated January 31, 2008, from David M. May, shareholder of the Law Firm and attorney for AFMIC, to Peter C. Riley and Webb L. Wassmer, attorneys for Defendant in the Civil Case ("Letter"). *See* Hearing Exh. A. In the Letter, Attorney May asserts an estimate of the Law Firm's fees for its representation of AFMIC. Letter, at 2. It is not stated what fees, if any, the Law Firm has received from AFMIC. There is no evidence the undersigned's husband had any role in the preparation or trial of the Civil Case or that he has ever personally represented AFMIC. AFMIC will not, of course, be a party in this criminal case and at most will cooperate in making its employees available to testify. There is no suggestion the Law Firm will participate in the criminal case.

### B. *Applicable Law*

Title 28, United States Code, Section 455, in pertinent part, provides:

> **(a)** Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.
>
> **(b)** [She] shall also disqualify [her]self in the following circumstances: . . .

\* \* \*

> **(4)** [She] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . .

28 U.S.C. § 455 (emphasis in original). Defendant relies upon 28 U.S.C. § 455(a) and (b)(4) in support of his demand that the undersigned judge recuse herself. Because the court finds recusal under 28 U.S.C. § 455(a) is appropriate, the court need not address the argument made under 28 U.S.C. § 455(b)(4), even though the court would find the Defendant failed to carry its burden of proving the undersigned has a financial interest in the outcome of this criminal matter.

Section 455 was intended "to promote public confidence in the integrity of the judicial process. . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988). "By enacting section 455(a), Congress sought to eradicate not only actual, but also the *appearance* of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (emphasis added). It is irrelevant, then, whether the judge is actually biased; section 455(a) "sets an objective standard that does not require scienter." *Id.* (citing *Liljeberg*, 486 U.S. at 859-60); *see also United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (noting that 455(a) sets an objective standard and citing *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981)).

"[T]he recusal inquiry must be 'made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 924 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). The Eighth Circuit Court of Appeals has "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Moran,* 296 F.3d at 648 (quoting

3

*In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)); *accord Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating the test as whether "a reasonable person knowing and understanding all the relevant facts would conclude that I should recuse myself" (internal quotation marks and alterations omitted)). In other words, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

"'A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.' *Pope v. Fed. Express Corp.,* 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted)." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *see also Martinez*, 446 F.3d at 883 (holding that movant bears "substantial burden" of overcoming presumption of impartiality of judge).

"[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). When a judge's relative is employed by a law firm representing a party in a case before her, a reasonable observer would not necessarily question the judge's impartiality. *See Kan. Pub.*, 85 F.3d at 1364 (holding that denial of motion to recuse under § 455(a) was not an abuse of discretion because "an informed person would not reasonably believe the judge's impartiality was compromised" due to his daughter's employment as a summer associate at a law firm representing a party in a civil dispute before the judge). Indeed,

> [c]ourts have uniformly rejected the argument that an appearance of impropriety exists in the following situation: (i) a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge; and (ii) the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated matters.

*In re Digital Music Antitrust Litig.*, No. 06 MDL No. 1780(LAP), 2007 WL 632762, *12

(S.D.N.Y. Feb. 27, 2007) (citing *Canino v. Barclays Bank, P.L.C.,* No. 94 Civ. 6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998)); *In re Billedeaux*, 972 F.2d 104, 105-06 (5th Cir. 1992); *In re Hathaway Ranch P'Ship,* 116 B.R. 208, 213-15 (Bankr. C.D. Cal. 1990)).

The recusal decision is committed to the sound discretion of the district court. *Moran*, 296 F.3d at 648.

## C. The Parties' Arguments

Defendant argues in the Recusal Motion that the undersigned should recuse herself from presiding over Defendant's Criminal Case because the undersigned's husband is an attorney and shareholder in the Law Firm, which represents AFMIC. The Indictment alleges that Defendant defrauded AFMIC of approximately $336,000. The Law Firm represents AFMIC in the Civil Case to recover money damages for the alleged fraud. Defendant notes that "the [L]aw [F]irm receives attorney fees from AFMIC and, thus, has a financial interest in the alleged victim." Recusal Motion, at 2. Moreover, if a jury were to convict Defendant, the undersigned "will be required to order restitution for the benefit of AFMIC." *Id*. Defendant argues that these circumstances present two bases for recusal. First, the Law Firm's representation of the alleged victim may cause a reasonable observer to question the undersigned's impartiality in Defendant's Criminal Case. Second, because the Law Firm receives attorney fees from AFMIC, the undersigned has a financial interest in the outcome of the Criminal Case, which precludes her from properly presiding over it.

The government responds that a reasonable observer would not question the undersigned's impartiality, because the undersigned's spouse has never represented AFMIC. Furthermore, there is an insufficient basis to conclude that the undersigned's spouse has a financial interest that could be substantially affected by the outcome of the Criminal Case. First, any restitution is strictly a criminal matter; AFMIC cannot appear

5

as a private party in the Criminal Case on that issue. The government concludes that the Law Firm will not have any involvement in the Criminal Case. Second, there is insufficient evidence to show that the Criminal Case would substantially affect a financial interest of the undersigned's spouse. Specifically, whatever fees the Law Firm may generate for its shareholders from its representation of, and any recovery for, AFMIC are too insignificant to meet the legal standard for recusal.

### *D. Application: Section 455(a)*

Out of an abundance of caution, the court concludes that the appearance of impropriety requires recusal in this criminal matter. *See Liteky*, 510 U.S. at 548. The Law Firm has taken a position adverse to Defendant in the Civil Case. The undersigned's spouse is a shareholder at the Law Firm. The undersigned cannot conclude that these facts appear to be "unrelated matters[,]" *Digital Music Antitrust Litig.*, 2007 WL 632762 at *12, and "what matters is not the reality of bias or prejudice but its appearance[,]" *Liteky*, 510 U.S. at 548. The undersigned, thus, finds that a reasonable person knowing and understanding all the relevant facts would conclude that the undersigned should recuse herself in this criminal matter. 28 U.S.C. § 455(a).

### *IV. CONCLUSION*

**IT IS SO ORDERED:**

(1) The court **GRANTS** Defendant Robert Miell's Recusal Motion (docket no. 17) because of the appearance of impropriety; and

(2) The period between the filing of Defendant's Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant

is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 8th day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA