# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-101-MWB |
| vs. | **ORDER ON MOTION FOR BILL OF PARTICULARS** |
| ROBERT MIELL, | |
| Defendant. | |

The defendant Robert Miell has filed a motion, Doc. No. 68, for a Bill of Particulars on Count 20 of the Second Superseding Indictment. Count 20 charges the defendant as follows:

### PERJURY

13. In January 2008, in Cedar Rapids, Iowa, a federal civil jury trial took place in which AFI [A.F. Insurance Company] was the plaintiff and defendant ROBERT MIELL was the defendant. AFI had sued MIELL claiming he fraudulently obtained RCV [replacement cost value] payments. One of the material matters at the trial involved defendant sending a "Home Doctor" to repair one of the hail-damaged roofs. Based on this document, AFI provided defendant with a RCV payment for the repair of the roof.

14. On January 8, 2008, through January 11, 2008, defendant ROBERT MIELL appeared as a witness at the jury trial and was placed under oath to provide testimony.

15. On January 8, 2008, in the Northern District of Iowa, defendant ROBERT MIELL, while testifying under oath in a proceeding before the United States District Court for the Northern District of Iowa, knowingly made the following false material declaration in response to questions with respect to the material matter as alleged above:

Question: Is this a billing from the Home Doctor?

Answer: Yes, Sir.

| | |
|---|---|
| Question: | From who? |
| Answer: | From myself. |
| Question: | From yourself. Doesn't it say under Home Doctor, J.J. McManus? |
| Answer: | Yes, it does. |
| Question: | Is that his signature; McManus? |
| Answer: | No, sir. That is mine. |
| Question: | It's yours. Did you tell me that in your deposition? |
| Answer: | I presume it's mine. I think it's mine. |
| Question: | Well, let me ask you this. Does J.J. McManus exist? |
| Answer: | Yes, he does. |
| Question: | Where is he? |
| Answer: | I don't know where he is. |
| Question: | Why did you sign J.J. McManus'[s] name? |
| Answer: | <u>I had a power of attorney for Mr. McManus</u>. |

16. The underscored testimony of defendant ROBERT MIELL, as he then and there well knew and believed, was false in that defendant did not have a power of attorney for J.J. McManus.

This was in violation of Title 18, United States Code, Section 1623.

Doc. No. 60, pp. 12-14.

In his motion, Miell asks the court to order the plaintiff (the "Government") "to identify two matters: *a)* evidence and/or testimony provided to the grand jury purporting to establish that the statement was 'false'; and *b)* evidence and/or testimony provided to the grand jury purporting to establish that the statement was 'material' to the 'Court' in the

2

civil trial[.]" Doc. No. 68, p. 1. Miell contends the only evidence provided to him in the discovery materials relating to Count 20 is "a few pages of excerpts from Defendant Miell's civil deposition" and from his trial testimony relating to the power-of-attorney issue. *Id.* Miell argues he lacks sufficient information to enable him to prepare a defense to Count 20. In particular, Miell maintains the roof being discussed in the testimony quoted in Count 20 was, in fact, repaired prior to submission of the RCV claim, and he "is left in the dark" about how his testimony allegedly was material or influenced the court or jury.

The Government resists the motion, arguing it "is really a motion for summary judgment inasmuch as defendant's sole argument is that he does not believe there is enough evidence to support the charge." Doc. No. 69, pp. 1-2. The Government asserts Miell's only argument is that insufficient evidence was presented to the grand jury to form probable cause for the grand jury to charge him – a determination the Government maintains is for the jury. In a footnote, the Government indicates the nature of its allegation is that no power of attorney ever existed from a J.J. McManus to Miell. The Government suggests Miell's "defense is rather simple" -- he can either produce the power of attorney, or produce evidence that it did, in fact, exist. Doc. No. 69, p. 6, n.2. The Government also points to evidence that was in the discovery file prior to Miell's motion that could have led the grand jury to conclude a J.J. McManus or John McManus does not exist.

"The district court has broad discretion in granting or denying a bill of particulars." *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). "[T]he purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). The *Wessels* court explained further:

> An indictment is legally sufficient on its face if it contains all
> of the essential elements of the offense charged, fairly informs
> the defendant of the charges against which he must defend, and

> alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to the subsequent prosecution. *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S. Ct. 126, 66 L. Ed. 2d 52 (1980). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id.*

*Wessels*, 12 F.3d at 750.

The court may order the government to provide additional details if the indictment fails to apprise the defendant sufficiently of the charges against him to enable him to prepare a defense. *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). However, "a bill of particular is not a proper tool for discovery." *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *accord Wessels*, 12 F.3d at 750.

In this case, the court finds Count 20 informs Miell of the charge against him in sufficient detail to enable him to prepare a defense and to avoid double jeopardy. The court further finds the Government has disclosed the names and grand jury testimony of potential witnesses on the issue, and in its resistance to the motion, the Government has even provided Miell with its theory of prosecution on this count.

For these reasons, Miell's motion for a bill of particulars on Count 20 is **denied**.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT