**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 07-101-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING PROSECUTION'S MOTION IN LIMINE** |
| ROBERT MIELL, | |
| Defendant. | |

_____

In the original Indictment (docket no. 1), handed down in this case on November 28, 2007, a Grand Jury charged defendant Robert Miell with nineteen counts of mail fraud arising, in the case of **Counts 1 through 6**, from an alleged scheme to defraud American Family Insurance (AFI) of payments for repairs of hail damage to the roofs of over one hundred rental properties owned by defendant Miell, based on allegations that, contrary to Miell's representations to obtain such payments, the roofs had not already been repaired, and arising, in the case of **Counts 7 through 19**, from an alleged scheme to defraud renters of their damage deposits on the rental properties by inflating cleaning and repair costs that Miell purportedly incurred when the renters moved out. A Superseding Indictment (docket no. 29) followed on April 8, 2008; a Second Superseding Indictment (docket no. 60) followed on September 24, 2008; and a Third Superseding Indictment (docket no. 72), followed on October 21, 2008.

As presently formulated, the charges against the defendant are the following: **Counts 1 through 18** charge "mail fraud," wherein **Counts 1 through 6** are based on the alleged "insurance fraud" scheme, described briefly above, which Miell allegedly pursued from at least as early as December 11, 2001, until at least December 9, 2002, and **Counts 7 through 18** are based on the alleged "damage deposit fraud scheme," described briefly

above, which Miell allegedly pursued from at least as early as 2000 until at least 2007, all in violation of 18 U.S.C. § 1341; **Count 19** charges "perjury in deposition," based on an allegedly false statement by Miell in a deposition on April 26, 2006, in a civil action by AFI against Miell to the effect that Miell had not signed the name "J.J. McManus" to a billing invoice, when he had done so, all in violation of 18 U.S.C. § 1621; **Count 20** charges "perjury before the court," based on allegedly false testimony, on or about January 8, 2008, in the trial of the civil action by AFI against Miell, to the effect that Miell had power of attorney to sign J.J. McManus's name, when he did not have such power of attorney, all in violation of 18 U.S.C. § 1623; **Count 21** charges "perjury before the court," based on allegedly false testimony, on or about January 8 or 9, 2008, also in the trial of the civil action by AFI against Miell, that checks from AFI for replacement cost value were not mailed through the United States Postal Service to Miell's office address, but collected by Miell from his AFI agent's office, when the checks had been so mailed, all in violation of 18 U.S.C. § 1623; and **Counts 22 and 23** charge filing of "false tax returns" for 2001 and 2002, respectively, based on failure to declare as income funds received through fraudulent means, all in violation of 26 U.S.C. § 7206(1). Trial in this matter is set to begin on January 5, 2009.

This matter comes before the court pursuant to the prosecution's September 8, 2008, Motion In Limine Regarding Hail-Damaged Roof Repairs (docket no. 54). The defendant filed a Resistance (docket no. 58) on September 22, 2008, and a supporting brief (docket no. 64) on September 26, 2008. Thus, the Motion In Limine and the Resistance were filed before the Second Superseding Indictment was filed, but the defendant's brief in support of his Resistance was filed just after the Second Superseding Indictment was filed, and the motion was fully submitted before the Third Superseding Indictment was

filed. Nevertheless, nothing in the subsequent Superseding Indictments mooted the issues raised in the Motion In Limine.

The evidence that the prosecution seeks to exclude, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, is (1) any reference to or introduction of evidence by the defendant that he repaired the hail-damaged roofs at a point in time after he obtained insurance proceeds based on fraudulent claims that he had already repaired the roofs, and (2) any reference to or introduction of evidence by the defendant that he had or believed that he had only one year to repair the roofs. As to exclusion of evidence that Miell intended to or did later make roof repairs, the prosecution argues that a fraud is complete when monies leave the victim's possession; that the defendant's intention to use or subsequent actual use of the funds to make repairs for which the funds were intended is irrelevant to his fraudulent intent in making the fraudulent claims to the insurance company based on representations that the repairs had already been made, when they had not; and that a foray into the defendant's contentions would confuse the issues for the jury or prompt the jury unfairly to sympathize with the defendant. The prosecution contends, further, that there would be no denial of the defendant's constitutional rights in excluding evidence that violates Rule 403. Similarly, as to exclusion of the evidence that Miell had or believed that he had only one year to make roof repairs, the prosecution contends that Miell's fraudulent conduct was not compelled or justified, because there was no threat of death or bodily injury; if any such time limit existed, Miell negligently entered into such an unreasonable contract; Miell had other legal remedies available; and economic necessity defenses generally fail. The prosecution also contends that allowing admission of evidence of the supposed one-year deadline would cause the trial to devolve quickly into a mini-trial of that issue, including disputes about the authenticity of evidence offered by Miell in support of his contentions.

In his Resistance, Miell argues that he should be allowed to present evidence that AFI agreed that he would submit documents stating that repairs were completed, to meet the one-year deadline for repairs, and then would subsequently complete the repairs, which he did, in fact, do through approximately 2005. He contends that such evidence is relevant to his "good faith" defense to the insurance fraud and tax fraud counts (and relevant to other issues on other charges, as well). More specifically, he contends that evidence supporting his contention that a one-year deadline existed, or that AFI told him such a deadline existed, or that confusion existed between the parties as to what needed to occur within one year, goes directly to the issue of his good faith and the absence of specific intent to defraud AFI, and that there is evidence that he subsequently lived up to his part of the agreement with AFI by actually making subsequent repairs. He also contends that he has a right, under the due process clause of the Fifth Amendment and the confrontation clause of the Sixth Amendment, to present relevant evidence supporting a defense.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is not. Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403. As the Eighth Circuit Court of Appeals has recently explained,

> Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of

4

> discretion. *United States v. Henderson*, 416 F.3d 686, 693
> (8th Cir. 2005), *cert. denied*, 546 U.S. 1175, 126 S. Ct. 1343,
> 164 L. Ed. 2d 57 (2006). Rule 403 "does not offer protection
> against evidence that is merely prejudicial in the sense of being
> detrimental to a party's case. The rule protects against
> evidence that is unfairly prejudicial, that is, if it tends to
> suggest decision on an improper basis." *Wade v. Haynes*, 663
> F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*,
> 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

*United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007); *United States v. Farrington*, 499 F.3d 854, 858-59 (8th Cir. 2007). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting this note); *United States v. Dierling*, 131 F.3d 722, 730-31 (8th Cir. 1997) (considering whether evidence was unfairly prejudicial, because it might lead to a decision on an improper basis, where it purportedly had no connection to the charged offense and revealed grisly or violent behavior that made the defendant appear "dangerous"). Unfairly prejudicial evidence has also been described as evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)).

"Good faith" is a complete defense to charges requiring fraudulent intent. *United States v. DeRosier*, 501 F.3d 888, 892 (8th Cir. 2007). The Eighth Circuit Court of Appeals recently reiterated the following definition of the "good faith" defense:

> Good faith constitutes a complete defense to one charged with
> an offense of which fraudulent intent is an essential element.
> One who acts with honest intention is not chargeable with
> fraudulent intent. One who expresses an opinion honestly held

5

> by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though such opinion is erroneous and such belief is a mistaken belief. Evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

*DeRosier*, 501 F.3d at 892 n.5 (quoting *United States v. Ammons*, 464 F.2d 414, 417 (8th Cir. 1972)).

The court finds that Miell's evidence of "good faith"—in the form of evidence that AFI agreed, or that he believed that AFI had agreed, that he would submit documents stating that repairs were completed, to meet the one-year deadline for repairs, and then would subsequently complete the repairs, which he did, in fact, do through approximately 2005—is *prima facie* relevant to the charges against him involving fraudulent intent in obtaining insurance payments for roof repairs. *See id.* (defining "good faith" as a defense negating fraudulent intent, and defining it as an opinion or belief honestly held by the defendant, even if the opinion or belief is mistaken); *see also* FED. R. EVID. 401 (evidence is relevant if it is likely to make any fact more or less probable); FED. R. EVID. 402 (relevant evidence is generally admissible). The court finds it unlikely that a jury will believe this defense—indeed, the court finds it all but laughable in light of evidence that the prosecution claims it can present, including evidence that Miell perpetrated the allegedly fraudulent scheme by offering to AFI as proof of payment for repairs that had already been made checks that were never disbursed, some of which were made out to roofing companies that did not exist. The defense appears to the court to be colorable—and barely so—based on Miell's assertion that he has evidence that AFI agreed to pay claims upon promises to complete repairs later as part of an agreement to allow him to overcome the impossibility of effecting the necessary repairs before a purported one-

year deadline. This evidence theoretically overcomes the prosecution's "subsequent intent to rectify the fraud" argument, because it purportedly negates fraudulent intent *ab initio*.

Although such evidence is likely to lengthen the trial, as the parties attempt to prove or disprove Miell's "good faith" defense, the court finds that it is not excludable pursuant to Rule 403, for that or any other reason. Time spent determining the truth of the matter is, to the court's mind, not wasted, and the court believes that the prejudice of unfair sympathy for the defendant that the prosecution fears is exceedingly unlikely; indeed, the evidence that Miell seeks to admit seems to the court more likely to alienate the jury with its absurdity than to engage the jury's sympathy.

Finally, the court finds that it is appropriate to err on the side of caution by allowing a defense, where that defense is supported by some admissible evidence and denial of the opportunity to assert that defense potentially has constitutional dimensions. *See, e.g., United States v. Holmes*, 413 F.3d 770, 774 (8th Cir. 2005) ("'[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense,' which includes the right to present testimony of witnesses that is material and favorable to their defense and complies with the rules of evidence.") (quoting *Crane v. Kentucky,* 476 U.S. 683, 690-91 (1986), with internal quotations marks omitted); *see also United States v. Turning Bear,* 357 F.3d 730, 733 (8th Cir. 2004).

THEREFORE, the prosecution's September 8, 2008, Motion In Limine Regarding Hail-Damaged Roof Repairs (docket no. 54) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 25th day of November, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA