# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ROBERT MIELL, Defendant. | No. CR07-101-MWB<br><br>**ORDER ON MOTION TO REVOKE BOND PENDING SENTENCING** |

This matter is before the court on motion of the plaintiff (the "Government") to revoke the defendant's bond pending sentencing. Doc. No. 137. On October 21, 2008, the grand jury returned a Third Superseding Indictment against the defendant Robert Miell, charging him with eighteen counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 1 through 18); one count of perjury in a deposition, in violation of 18 U.S.C. § 1621 (Count 19); two counts of perjury before the court, in violation of 18 U.S.C. § 1623 (Counts 20 and 21); and two counts of filing false tax returns, in violation of 26 & U.S.C. § 7206(1) (Counts 22 and 23). Doc. No. 72. On January 5, 2009, Miell entered a guilty plea to Counts 1 through 20 of the Third Superseding Indictment. *See* Doc. No. 101. Count 21 was dismissed by the Government. *See* Doc. Nos. 111 & 112.

Miell was tried on Counts 22 and 23 of the Third Superseding Indictment, and on January 12, 2009, a jury found him guilty of filing false tax returns for the years 2000 and 2001, in violation of 26 U.S.C. § 7206(1). Doc. No. 119. Miell had been on pretrial release, and at the time of his conviction, the Government did not move to have his bond revoked pending sentencing. On January 9, 2009, the Honorable Mark W. Bennett entered an order modifying Miell's conditions of release to provide for GPS monitoring. Doc. No. 116. Miell remained on release after his conviction, to await sentencing.

On May 8, 2009, the Government filed the motion currently before the court, Doc. No. 137, alleging Miell has violated his conditions of release in several respects. In the motion, the Government alleges Miell has engaged in continuing criminal conduct since his conviction, in the form of structuring financial transactions for the purpose of avoiding the filing of Cash Transaction Reports (CTRs). The Government also alleges Miell has associated with a known felon, failed to report contact he had with a law enforcement officer, failed to appear at a telephonic court hearing as required, failed to comply with certain state court orders, and taken certain actions with respect to his finances that indicate Miell has become a significant flight risk.

The court held a hearing on the motion on May 20, 2009. The Government offered evidence in support of its allegations in the motion, and Miell offered evidence to rebut the Government's claims. Miell filed a supplemental brief in support of his resistance to the motion. Doc. No. *. The court has weighed the evidence and the arguments of counsel, and finds as follows.

"A convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom." *United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) (comparing 18 U.S.C. §§3142(b), "presumption in favor of pretrial release," and 3143(a), "presumption of detention pending sentence"); *see United States v. Bowman*, 98 F.3d 1343 (Table), 1996 WL 571135 at *1 (6th Cir., Oct. 3, 1996) ("Release is no longer favored once guilt of a crime has been established.") (citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)). Rather, in the case of a person awaiting sentencing, "there is a heightened need for close supervision of the convicted person's activities to protect society and the releasee himself, and the releasee is entitled only to a conditional liberty." *Kills Enemy*, 3 F.3d at 1203 (citations omitted).

Release or detention of a convicted person pending sentencing is governed by 18 U.S.C. § 3143(a), which provides that a convicted person *shall be* detained "unless the

judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community[.]" In enacting section 3143(a), Congress "create[d] a presumption in favor of detention [and] place[d] the burden on the defendant to defeat that presumption . . . by clear and convincing evidence, not by a mere preponderance. Only if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004).

In weighing the evidence presented at the hearing, the court is not convinced that Miell structured financial transactions to avoid the filing of CTRs, as alleged by the Government. The court further finds Miell's contact with a law enforcement officer was not of the type required to be disclosed under his conditions of release. The law enforcement officer in question is a personal friend of Miell's with whom he had contact unrelated to any law enforcement function. Miell's failure to comply with state court orders in civil forfeiture actions does not appear to violate a condition of his release. Miell's contact with a convicted felon appears to be somewhat innocuous, in that the person in question is a friend and former business associate of Miell's whose conviction occurred some fifteen or more years ago. While a technical violation of his terms of release, the court ordinarily would not revoke bond on the basis of this type of contact.

However, in the present circumstances where Miell is awaiting sentencing, he has the burden to prove he is not a flight risk. The most troubling evidence relates to the whereabouts of significant sums of money that have come into Miell's possession. The evidence reveals that Miell owns approximately 500 rental properties, of which about half are in receivership. From the monthly rentals on the remaining approximately 250 properties not in receivership, Miell has access to large sums of money on a monthly basis. However, he has ceased making payments on lines of credit and some mortgages, he has written several insufficient funds checks. Claiming he was unprepared to rebut the

Government's argument that his significant cash flow cannot now be located, Miell offered into evidence at the end of the hearing a single bank statement from his current bank account for the time period between April 20, 2009, the date the account was opened, and May 9, 2009. *See* Def. Ex. J. The statement shows total deposits in the amount of $28,974.93, an amount far below Miell's previous deposits for similar periods of time that included the end-of-month and beginning-of-month rental receipts. *See, e.g.*, Def. Ex. B-1.

Miell filed a brief subsequent to the hearing, Doc. No. 148, to which he attaches purported online banking records for two accounts at United Security Savings Bank, the bank with which he now does business. The online records indicate the bank statement represented by Def. Ex. J is Miell's personal account. The records show deposits in Miell's business account in excess of $200,000. *See* Def. Exs. K & L, attached to Doc. No. 148. The exhibits are not accompanied by an affidavit from a bank employee, and they are unauthenticated. Nevertheless, the records, if genuine, rebut the Government's argument that Miell is secreting away large amounts of cash for the purpose of flight. Further, from the record made at the hearing, it appears the Government was aware that Miell had opened an account at United Security Savings Bank. Tabitha Emig, one of Miell's employees, testified that Assistant U.S. Attorney C.J. Williams met with her for about ninety minutes on May 15, 2009. According to Ms. Emig, during the interview Mr. Williams asked her where Miell was banking currently, and she told him Miell was banking at United Security Bank.

Despite Miell's complaint that he was unprepared to present this evidence at the detention hearing, the burden nevertheless was his to prove by clear and convincing evidence that he is not a flight risk. The court finds it would be inappropriate to rely on the unsubstantiated records submitted with Miell's brief without allowing the Government the opportunity to respond to Miell's claim that he is not hiding his money. Therefore, the

Government may file a response to Miell's brief **by Tuesday, May 26, 2009**. The Government is directed to respond *only* regarding the Government's claim that Miell has been hoarding or hiding large amounts of money, making him a significant flight risk. The court will not entertain further argument on the other issues raised in the Government's motion.

The court **reserves** ruling on the Government's motion to revoke Miell's bond pending receipt and review of the Government's brief.

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT