# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-101-MWB |
| vs. | **ORDER REGARDING DEFENDANT'S APPEAL OF DETENTION ORDER** |
| ROBERT MIELL, | |
| Defendant. | |

_____

This case comes before the court on defendant Robert Miell's appeal of a detention order entered by Chief United States Magistrate Judge Paul A. Zoss in which Judge Zoss ordered defendant Miell detained pending his sentencing. In his appeal of Judge Zoss's detention order, defendant Miell contests Judge Zoss's finding that defendant Miell had failed to carry his burden of demonstrating by clear and convincing evidence that he is not a flight risk.

On October 21, 2008, a Third Superseding Indictment was returned against defendant Miell charging him with eighteen counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 1 through 18), one count of perjury during a deposition (Count 19), in violation of 18 U.S.C. § 1621, two counts of perjury before the court, in violation fo 18 U.S.C. § 1623 (Counts 20 and 21), and two counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 22 and 23). On January 5, 2009, defendant Miell entered a guilty pleas to Counts 1 through 20. The prosecution dismissed Count 21 and the case proceeded to trial before a jury on Counts 22 and 23. On January 12, 2009, the jury returned a verdict in which it found defendant Miell guilty of the charges in Counts 22 and

23. Following his conviction, defendant Miell, who had been on pretrial release, was permitted to remain on release pending his sentencing. On May 8, 2009, the prosecution filed a motion to revoke defendant Miell's bond pending sentencing, alleging that Miell has violated the conditions of his release in a number of respects. Judge Zoss held a hearing on the prosecution's motion on May 20, 2009. Following the hearing and in response to a post-hearing brief filed by defendant Miell, Judge Zoss directed the prosecution to file a brief solely as to its claim that defendant Miell had been hoarding or hiding large sums money, making him a significant flight risk. After reviewing the prosecution's brief on that issue, Judge Zoss issued a detention order in which he found that defendant Miell had been in contact with and obtained a loan from a convicted felon, and then took steps to hide the source of that loan. Judge Zoss also found that defendant Miell had lied or withheld important information, regarding past drug use, from the United States Probation Officer. As a result, Judge Zoss concluded that Miell has failed to prove by clear and convincing evidence that he is not likely to flee and ordered him to be detained pending sentencing. It is defendant Miell's appeal of that detention order which is presently before the court.

A defendant detained by a magistrate judge may seek review before the district court pursuant to 18 U.S.C. § 3145(b). *See United States v. Foote*, 898 F.2d 659, 664 (8th Cir.), *cert. denied sub nom. Thompson v. United States*, 498 U.S. 838 (1990). The district court conducts a *de novo* review of the magistrate judge's order. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*); *accord United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991); *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Portes*, 786 F.2d

758, 761 (7th Cir. 1985); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The district court must make its own *de novo* determination of the facts with no deference to the magistrate judge's findings. *Koenig*, 912 F.2d at 1192; *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Ruiz-Corral*, 338 F. Supp. 2d 1195, 1196 (D. Colo. 2004); *United States v. Eischeid*, 315 F. Supp.2d 1033, 1035 (D. Ariz. 2003); *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); *United States v. Cruickshank*, 150 F. Supp.2d 1112, 1113 (D. Colo. 2001); *United States v. Walters*, 89 F. Supp.2d 1217, 1219-20 (D. Kan. 2000); *United States v. Lee*, 79 F. Supp.2d 1280, 1284 (D.N.M. 1999), *aff'd*, 208 F.3d 228 (10th Cir. 2000) (table decision). The district court may incorporate the record of the detention hearing conducted by the magistrate judge. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The district court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary. *Koenig*, 912 F.2d at 1192. Thus, the district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig*, 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id.*

"Post-conviction, a defendant no longer has a substantive constitutional right to bail pending sentencing." *United States v. Madoff*, 316 Fed. App'x 58, 59 (2nd Cir. 2009); *see United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) ("A convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom."). Release of a defendant pending sentencing is expressly governed by 18 U.S.C. § 3143(a).[1] *United States v. Welsand*, 993 F.2d 1366, 1367 (8th

---

[1] Section 3143(a)(1) provides in pertinent part:

(continued…)

Cir. 1993). Accordingly, pursuant to § 3143(a), the burden is on the defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community. *Madoff*, 316 Fed. App'x at 59; *United States v. Abuhamra*, 389 F.3d 309, 321 (2nd Cir. 2004); *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997); *United States v. Vance,* 851 F.2d 166, 170 (6th Cir.), *cert. denied,* 488 U.S. 893 (1988).

The court here has reviewed the proceedings conducted by Judge Zoss, conducted a d*e novo* review of the facts in this case, and concludes that defendant Miell failed to meet his burden of demonstrating, by clear and convincing evidence, that he is not likely to flee. The prosecution has represented, and defendant Miell does not contest, that the federal sentencing guidelines will recommend a term of imprisonment for defendant Miell's offense. Accordingly, the possibility of having to serve a substantial term of imprisonment offers a motive for defendant Miell to take flight. Defendant Miell has the type of substantial wealth which could finance a flight from justice. Specifically, he has access to substantial sums of cash as a result of his rental properties. Moreover, from the records produced by defendant Miell, he has not accounted for significant amounts of cash he has received since September 2008, when he stopped making payments on his mortgages. It

---

[1](…continued)
> **(a) Release or detention pending sentence.**-(1) . . . the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or(c). . . .

18 U.S.C. § 3143(a)(1).

is particularly troubling that in the month of May, defendant Miell obtained cashiers' checks in the amount of $105,000, but has not established what happened to these funds. Also troubling is the fact that defendant Miell obtained a substantial loan from a convicted felon and then took affirmative steps to conceal the source of that loan. As discussed above, the court must detain defendant Miell unless the court finds by clear and convincing evidence that defendant Miell is not likely to flee if released. The burden of establishing that defendant Miell will not flee rests with defendant Miell. The court concurs with Judge Zoss that defendant Miell has not met of his burden here. Accordingly, defendant Miell's appeal of Judge Zoss's order of detention is **denied.** Defendant Miell shall be detained pending sentencing.

    **IT IS SO ORDERED.**

    **DATED** this 6th day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA